USDS SN
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/25/2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEVEN M. SMITH and PATRICIA A. SMITH,

    Plaintiffs,

- against -

THE BANK OF NEW YORK MELLON CORPORATION, 4101 AUSTIN BOULEVARD CORPORATION, and CUSHMAN & WAKEFIELD INCORPORATED,

    Defendants.

---

THE BANK OF NEW YORK MELLON CORPORATION and 4101 AUSTIN BOULEVARD CORPORATION,

    Third-Party Plaintiffs,

- against -

ALTURA COMMUNICATION SOLUTIONS, LLC and FUJITSU NETWORK COMMUNICATIONS, INC.,

    Third-Party Defendants.

---

09 Civ. 9212 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

  The plaintiffs, Steven M. Smith and Patricia A. Smith ("plaintiffs"), move to amend their complaint to add Altura Communication Solutions, LLC ("Altura"), a third-party defendant in the action, as a direct defendant. Altura opposes this motion on the grounds that the statute of limitations period has expired. The plaintiffs respond that, under the New York law on relation back, this amendment relates back to July 30, 2010,

when The Bank of New York Mellon Corporation and 4101 Austin Boulevard Corporation (collectively, "the defendants") filed a third-party complaint against Altura, and therefore, falls within the applicable statute of limitations period.

Federal Rule of Civil Procedure 15(c)(1)(A) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). This language was added to Rule 15 to make explicit that "where state law governs the statue of limitations, relation back may apply if it would be permissible under state law." Da Cruz v. Towmasters of N.J., 217 F.R.D. 126, 129 (E.D.N.Y. 2003). The Advisory Committee's Note to the 1991 Amendment instructs courts to apply the "law afford[ing] a more forgiving principle of relation back . . . to save the claim." Fed. R. Civ. P. 15(c)(1) advisory committee's note.

New York law on relation back applies to this inquiry because the plaintiffs have alleged violations of state law, see Complaint ("Compl.") ¶ 2, and therefore, New York law provides the applicable statute of limitations. Under New York law, "an amendment of the complaint may be permitted, in the court's discretion, and a direct claim asserted against the third-party defendant . . . relates back to the date of service of the third-party complaint," as long as the third-party complaint and

2

proposed amended complaint are based on the same transaction or occurrence. Duffy v. Horton Mem. Hosp., 488 N.E.2d 820, 823 (N.Y. 1985); see Richards v. Passarelli, 910 N.Y.S.2d 495, 497 (App. Div. 2010).

Here, the plaintiffs' direct claim against Altura arises out of the same transaction or occurrence as the third-party complaint, namely the slip and fall accident that allegedly occurred on September 20, 2007. See Compl. ¶ 2. Accordingly, the plaintiffs' direct claim against Altura relates back to July 30, 2010, when Altura was served as a third-party defendant. Therefore, the plaintiffs' motion to amend is **granted**. The plaintiff should serve and file its amended complaint within seven days. Any responsive pleading should be served and filed seven days thereafter. The Clerk is directed to close Docket No. 43.

SO ORDERED.

Dated: New York, New York
April 19, 2011

John G. Koeltl
United States District Judge